FILED
2021 MAR 26 PM 1:02
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DARA L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Acting Commissioner of Social Security, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION DENYING DISABILITY BENEFITS** <br><br> Case No. 1:19-cv-00104-DAO <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Dara L.[1] filed this action asking the court to reverse and remand the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits. (*See* Pl.'s Opening Br. ("Pl.'s Br.") 1–2, 8–9, 14, Doc. No. 21.) The Administrative Law Judge ("ALJ") determined Ms. L. did not qualify as disabled. (Certified Tr. of Admin. R. (hereafter "Tr.") 38, Doc. No. 9.) After careful review of the entire record and the parties' briefs,[2] the court[3] reverses the Commissioner's decision and remands for review of the additional evidence the Appeals Council declined to consider.

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the court refers to the Plaintiff by her first name and last initial only.

[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes it does not need oral argument and will determine the appeal on the basis of the written memoranda.

[3] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 13.)

1

I.  **STANDARD OF REVIEW**

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of a final decision of the Commissioner of the Social Security Administration. This court reviews the ALJ's decision to determine whether the record contains substantial evidence in support of the ALJ's factual findings and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Although the court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

II.  **APPLICABLE LAW**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Social Security Act, an individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

In determining whether a claimant qualifies as disabled within the meaning of the Social Security Act, the ALJ employs a five-step sequential evaluation. The analysis requires the ALJ to consider whether:

1) The claimant presently engages in substantial gainful activity;

2) The claimant has a medically severe physical or mental impairment;

3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which precludes substantial gainful activity;

4) The claimant possesses a residual functional capacity to perform his or her past work; and

5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden, in the first four steps, of establishing the disability. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy. *Id.*

### III.    FACTUAL AND PROCEDURAL BACKGROUND

Ms. L. alleges disability based on the alleged impairments of "degenerative disc disease of the lumbar and cervical spines, cervical vertigo, pancreatic insufficiency, idiopathic chronic pancreatitis, functional diarrhea, Meniere's disease, erosive esophagitis, epigastric LUQ, persistent nausea and a balance problem." (Pl.'s Br. 7, Doc. No. 21.) She filed an application for disability benefits on July 9, 2015, alleging her disability began on April 19, 2014. (*Id.* at 1.) The claim was initially denied on October 6, 2015, (Tr. 98–101), and again denied upon reconsideration on November 10, 2015, (*id.* at 103–05). On January 7, 2016, Ms. L. requested a

hearing before an ALJ. (*Id.* at 106–07.) The hearing was held on January 31, 2018. (*See id.* at 44.)

On May 23, 2018, the ALJ issued his written decision denying Ms. L's claim. (*See id.* at 30–38.) With respect to step two of the sequential evaluation, the ALJ found Ms. L. had the following severe impairments: "degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, cervical vertigo." (*Id.* at 33.) The ALJ found several of the impairments alleged by Ms. L. were nonsevere or not medically determinable, including: carpal tunnel syndrome, pancreatitis, erosive esophagitis, right shoulder arthropathy, anxiety disorder, major depressive disorder, posttraumatic stress disorder, fibromyalgia, chronic unrelenting diarrhea, and Meniere's disease. (*Id.* at 33–34.) At step three, the ALJ found Ms. L. did not have an impairment or combination of impairments meeting one of the listed impairments. (*Id.* at 34.) At step four, the ALJ determined Ms. L. had a residual functioning capacity ("RFC") to perform "light work" with the limitation to "avoid concentrated exposure to hazards." (*Id.* at 35.) Ms. L. previously worked as a night auditor and as a sales clerk. (*Id.* at 37.) The vocational expert testified, and the ALJ agreed, that a person with Ms. L.'s RFC would be able to perform these jobs. (*Id.*) As such, the ALJ determined she was capable of performing past relevant work and was not disabled. (*Id.*)

Ms. L. appealed the ALJ's decision to the Appeals Council, (*id.* at 15–16), and submitted additional medical records to the Appeals Council for review, (*see id.* at 9, 20–26). This additional information consisted of a July 12, 2018 letter of Tamara Meyers, PA-C, and a May 30, 2018 report of Michael Yeates, D.O., along with corresponding medical records. (*See id.* at 20–26.) In her letter, Ms. Meyers stated Ms. L. had been a patient at Utah Digestive Health Institute since 2015, she reiterated Ms. L.'s symptoms, and she opined that "[h]er symptoms are

consistent with chronic pancreatitis." (*Id.* at 20.) Ms. Meyers further noted Ms. L.'s last abdominal CT scan, from October 2017, showed cystic lesions on her pancreas and a right adrenal glad adenoma. (*Id.*) In Dr. Yeates' May 2018 report, he noted Ms. L. requested he "remap" fibromyalgia "tender points," and noted where those tender points were located. (*Id.* at 21.) However, the Appeals Council declined to review this evidence on the grounds that it did "not relate to the [claimed disability] period at issue." (*Id.* at 9.) The Appeals Council ultimately denied Ms. L.'s request for review on March 21, 2019. (*Id.* at 8.)

## IV.  ANALYSIS

Ms. L. raises four issues on appeal. However, the court does not address Ms. L.'s first and second issues—that the ALJ failed to properly evaluate her RFC and incorrectly evaluated the medical evidence, (Pl.'s Br. 2, Doc. No. 21)—because Ms. L. does not argue the issues or provide any record support. *See Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal."). In her third issue, Ms. L. contends the ALJ erred in assigning little weight to Dr. Michael Yeates' medical opinion. (Pl.'s Br. 2, Doc. No. 21.) Finally, she argues the Appeals Council erred by declining to consider additional evidence submitted after the ALJ's decision. (*Id.*) Because analysis of this final claim of error shows remand is required, the court does not address Ms. L.'s third issue.

Subject to certain requirements, a social security claimant may submit additional evidence to the Appeals Council. (*See* Tr. at 15.) Ms. L. did exactly this. However, the Appeals Council found this evidence did not affect the decision whether Ms. L. was disabled on or before May 23, 2018 because "[t]his additional evidence [did] not relate to the period at issue." (*Id.* at 9.) The Appeals Council's dismissal of this evidence on the grounds that it was not

5

chronologically relevant shows the council did not consider it at all. *See Padilla v. Colvin*, 525 Fed. App'x 710, 712 (10th Cir. 2103) (unpublished) ("Because temporal relevance is one of the predicate requirements . . . to warrant consideration, the Appeals Council could not have considered the additional evidence after it found the new evidence was not temporally relevant.").

Ms. L argues the Appeals Council's refusal to consider this evidence constituted an error of law because the council was obligated to review relevant evidence, relating to the claimed disability period, which was not part of the record before the ALJ. (Pl.'s Br. 13, Doc. No. 21.) Ms. L. contends this evidence post-dating the hearing was relevant because it related to diagnoses and conditions existing during the period of disability eligibility. (*Id.* at 8–9.)

For his part, the Commissioner argues a denial of a request for review is not judicially reviewable, and implies the Appeals Council's determination that the new evidence did not qualify for consideration is similarly unreviewable. (Def.'s Answer Br. ("Def.'s Br.") 15–16, Doc. No. 25.) The Commissioner suggests the court must determine, instead, whether "the ALJ's decision remains supported by substantial evidence *despite* the untimely evidence submitted by Plaintiff." (*Id.* at 17 (emphasis in original).) In support of this proposition, the Commissioner relies on *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017).

In *Vallejo*, the Tenth Circuit reviewed a district court's remand of a social security claimant's case after a denial of benefits. *Id.* at 953. The district court had remanded for either the Appeals Council or an ALJ to determine what weight to give a treating physician's opinion which was provided after the ALJ issued her decision. *Id.* The Tenth Circuit concluded this was erroneous. Specifically, the court pointed out that the Appeals Council need not articulate an analysis of treating physician records when denying review. *Id.* at 955. "Rather, the Appeals

6

Council is required only to 'consider' the new evidence—and a conclusory statement that it has done so is sufficient." *Id.* Put differently, when the Appeals Council denies review, it need not "follow the same rules for considering opinion evidence as the ALJ followed." *Id.* at 956.

The Commissioner is correct that a "dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. § 404.972. What the Commissioner misses is that this is not the question at issue—and *Vallejo* critically differs from these circumstances. *Vallejo* addressed only whether the Appeals Council must articulate its reasons for the weight given to new evidence accepted into the record after the ALJ's decision. It did not address a court's review of the Appeals Council's decision not to accept the newly presented evidence at all. And this is the question here: whether the Appeals Council erred by deciding not to consider the additional evidence.

Whether additional evidence qualifies for consideration by the Appeals Council is a question of law subject to *de novo* review. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011); *see also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (interpreting older version of the regulation). The Appeals Council must review such evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The statute also requires the claimant to show good cause for missing the evidence submission deadline.[4] 20 C.F.R. §§ 404.970(c), 416.1470(c).

---

[4] No good-cause analysis is undertaken here. The Commissioner concedes the Appeals Council "opted to waive enforcement of the good cause requirement in this case." (Def.'s Br. 15 n.9, Doc. No. 25.) Where the Appeals Council did not reject the evidence for failure to establish good cause for missing the deadline, the court does not reach this issue. *See Muskett v. Saul*, No. 20-0006 KK, 2021 U.S. Dist. LEXIS 40677, at *12 (D.N.M. Mar. 4, 2021) (unpublished).

If the evidence does not meet these requirements, the Appeals Council does not consider it and it is not part of the record for any future judicial review. *Krauser,* 638 F.3d at 1328. However, if the additional evidence qualifies for review (regardless of whether the Appeals Council denies review), it does become part of the record for purposes of the court's substantial-evidence determination. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). If the Appeals Council errs by declining to consider evidence which qualifies for review, the court must remand the case so the evidence can be evaluated in light of the complete record. *See id.* at 1142–43. In *Chambers v. Barnhart*, 389 F.3d 1139, for example, the Tenth Circuit concluded a case should be remanded where the Appeals Council declined to consider qualifying evidence, because the Appeals Council "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record." *Id.* at 1143 (internal quotations marks omitted). Only after this can the court "properly review the denial of benefits . . . on the entire record under the deferential substantial-evidence standard." *Id.* In accordance with these standards, the court analyzes the documents the Appeals Council declined to consider.

A. <u>Tamara Meyers' Supplemental Letter Does Not Qualify for Review.</u>

Ms. Meyers submitted a supplemental letter stating Ms. L. had been a patient at the Utah Digestive Health Institute since 2015, reiterating Ms. L.'s symptoms, and opining "[h]er symptoms are consistent with chronic pancreatitis." (Tr. at 20.) Ms. Meyers noted that Ms. L.'s last abdominal CT scan, from October 2017, showed cystic lesions on the pancreas and a right adrenal gland adenoma. (*Id.*) Ms. L. contends this letter "confirmed and emphasized the severe

abdominal complaints, including chronic pancreatitis, for which Ms. L[.] continue[d] to suffer pain and dysfunction." (Pl.'s Br. 14, Doc. No. 21.)

This information is neither new nor material, and there is no reasonable probability it would change the outcome of the decision. Additional evidence can only be considered new "if it is not duplicative or cumulative." *Threet*, 353 F.3d at 1191 (internal quotation marks omitted). But this evidence was duplicative. The ALJ considered previous medical notes by Ms. Meyers which were almost identical. Specifically, the ALJ cited to Ms. Meyers' conclusion that "[a] pancreatic cyst was discovered as an incidental finding in a CT examination." (Tr. at 33.) And Ms. L.'s medical records already indicated the existence of an adenoma. (*See id.* at 519.) The ALJ acknowledged Ms. L.'s claim of pancreatitis, but found it was not a severe impairment because there were "no abnormal lipase findings and diagnosis of a pancreatic disorder other than by a non-acceptable medical source." (*Id.*) Ms. L. points to nothing in Ms. Meyer's supplemental opinion the ALJ had not sufficiently considered based on the prior record.

This additional information is also not material. Evidence is material if there is a "reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Because the ALJ considered almost identical records when making his determination, and Ms. Meyer's supplemental opinion did not correct any of the deficiencies the ALJ noted (such as an abnormal lipase finding), there is no reasonable probability the new evidence would change the outcome of the decision. For these reasons, the Appeals Council did not err in rejecting this additional evidence.

B. <u>Dr. Yeates' Supplemental Records Qualify for Review.</u>

Ms. L. also submitted additional evidence consisting of an opinion and related notes from Dr. Yeates. (Tr. at 21–26.) In his supplemental opinion, Dr. Yeates noted Ms. L. was diagnosed

with fibromyalgia several years prior by a rheumatologist.  (*Id.* at 21.)  At Ms. L.'s request, Dr. Yeates remapped Ms. L.'s fibromyalgia "tender points," finding tenderness in eighteen regions.  (*Id.* at 21, 25.)  The Appeals Council rejected this evidence, as unrelated to the time period at issue.  (*Id.* at 9.)  Ms. L. contends the Appeals Council should have considered this information because it reconfirms her fibromyalgia diagnoses and contains objective testing data.  (Pl.'s Br. 12, Doc. No. 21.)  Rather than arguing the supplemental records were properly rejected, the Commissioner argues only that despite the additional information, the ALJ's decision remains supported by substantial evidence.  (Def.'s Br. 17–18, Doc. No. 25.)  As explained below, the supplemental reports by Dr. Yeates qualify for review by the Appeals Council.  They are new and material.  They are chronologically relevant.  And there is a reasonable probably they would change the outcome of the ALJ's decision.  *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

Dr. Yeates' supplemental records qualify as new because they are neither duplicative nor cumulative.  The ALJ found Ms. L.'s allegation of fibromyalgia to be nonsevere because "the evidence contained within the record does not satisfy requirements of SSR l2-2p for the 1990 or the 2010 ACR criteria."  (Tr. at 34.)  The ALJ specifically noted "the absence of tender point mapping or specific workup of the fibromyalgia diagnosis with reference to the constellation of impairment-related symptoms within the record."  (*Id.*)  Moreover, the ALJ and Ms. L.'s counsel engaged in a substantial discussion at Ms. L.'s hearing about the absence of this analysis.  (*See id.* at 58–59.)  This establishes Dr. Yeates' report regarding the tender point mapping is neither duplicative nor cumulate.  *See Muskett v. Saul*, No. 20-0006 KK, 2021 U.S. Dist. LEXIS 40677, at \*17–18 (D.N.M. Mar. 4, 2021) (unpublished) (finding additional evidence to be new, where it did not exist at the time of the ALJ's decision and there was no similar evidence in the record).

Additionally, the evidence is chronologically relevant because it relates to the period on or before the date of the hearing decision. When determining whether evidence is chronologically relevant, courts do not focus "on whether the evidence pre-dated the ALJ's decision but instead on whether the new evidence was pertinent to the issues that were before the ALJ at the time of the decision." *Id.* at *18 (citing *Padilla*, 525 F. App'x at 711); *see also id.* at *21 (finding a health assessment completed two months after the ALJ's decision to be chronologically relevant); *cf. Chambers*, 389 F.3d at 1143–44 (finding test taken six months after the ALJ's decision, which suggested a new condition for the first time, not chronologically relevant).

Here, Ms. L.'s tender point mapping occurred on May 30, 2018, (*see* Tr. at 21), just seven days after the ALJ's decision, (*see id.* at 38). Ms. L. had previously been diagnosed with fibromyalgia—and the ALJ acknowledged her claim of fibromyalgia as a disability and assessed the claim at the hearing and in his decision. (*See id.* at 34, 36, 58–59.) Nothing in Dr. Yeates' additional notes suggested Ms. L's condition, symptoms, or limitations changed within the seven days between the ALJ's decision and Dr. Yeates' assessment. Put differently, Dr. Yeates could not have based his findings on symptoms which worsened after the hearing decision. Given this, and the direct relation of the evidence to a previous diagnosis, Dr. Yeates' supplemental evidence relates to the period on or before the date of the hearing decision.

Finally, Dr. Yeates' supplemental evidence is material, as there is a reasonable probability it would have changed the outcome of the disability claim. The Commissioner argues Dr. Yeates' supplemental records do not diminish the substantiality of the evidence supporting the ALJ's decision. (Def.'s Br. 17, Doc. No. 25.) According to the Commissioner, nothing in Dr. Yeates' new report undermines the ALJ's conclusion that Ms. L. "could perform

11

the relatively undemanding physical requirements of her sedentary past relevant work as a night auditor," which she performed previously with fibromyalgia. (*Id.*)

There are problems with this argument. As an initial matter, even assuming Ms. L. previously worked with fibromyalgia, there is no indication her symptoms at the time she worked were of the same severity as her fibromyalgia symptoms during her claim period. Ms. L. appears to have suffered from fibromyalgia for a long time, but she only alleged disability beginning in 2014. (*See* Tr. 282 (noting, as of October 2000, Ms. L. had a "long standing history for fibromyalgia").) The record establishes the ALJ explicitly rejected Ms. L.'s fibromyalgia claim because of the absence of tender point mapping. (*See id.* at 34, 58.) Further, the ALJ gave Dr. Yeates' opinion "little weight" because his residual functional capacity findings, which included a diagnosis of fibromyalgia, were "based largely upon impairments that are not medically determinable." (*Id.* at 36–37, 842.) If the ALJ had given Dr. Yeates' opinion more weight because Ms. L.'s fibromyalgia diagnosis was medically determinable based on the additional evidence, there is a reasonable probability this evidence would have changed the outcome of the disability claim.

Dr. Yeates' May 2018 records are new, material, and relate to the period on or before the date of the hearing decision. The Appeals Council erroneously failed to consider them based on a finding that they did not relate to the relevant period. As such, the case must be remanded for review of the additional evidence as required under 20 C.F.R. §§ 404.970(a)(5) and 416.1470(a)(5). Because remand is required, the court does not address Ms. L.'s remaining claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (explaining that the court does not reach issues which may be affected by the remand).

## V. CONCLUSION

For the forgoing reasons, the court REVERSES and REMANDS the Commissioner's decision.

DATED this 26th day of March, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge